IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03115-PAB-KMT

JANE DOE, an individual,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC., a Delaware corporation,
UBER USA, LLC, a Delaware limited liability company, and
RASIER, LLC, a Delaware limited liability company,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on the parties' Joint Request for an Order Confirming Arbitration Award [Docket No. 53] and plaintiff's Motion to Restrict Plaintiff's Personal Identifying Information [Docket No. 54]. The parties request that the Court confirm an arbitration award issued by the arbitrator on August 23, 2018. Docket No. 53-1. Plaintiff requests that the Court restrict the information in the arbitration award containing her true identity. This case is administratively closed. Docket No. 52. The Court will construe the parties' motions as also requesting that the case be reopened and, upon a finding of good cause, will reopen the case for the purpose of confirming the arbitration award. *See id*. at 2.

Under the Federal Arbitration Act, 9 U.S.C. § 9 *et seq*., confirmation of an arbitration award is a summary procedure. "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to

the arbitration," a court "must grant . . . an order [confirming an arbitration award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Because the parties have agreed to resolve their disputes by way of binding arbitration, "maximum deference" is owed to the arbitrator. *Hosier v. Citigroup Global Markets, Inc.*, 835 F. Supp. 2d 1098, 1101 (D. Colo. 2011). "Courts [ ] do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Thus, arbitration awards "must be confirmed even in the face of errors in an arbitration panel's factual findings, or its interpretation and application of the law." *Hosier*, 835 F. Supp. 2d at 1101 (citing *Denver & Rio Grande W. R.R. v. Union Pac. R. R.*, 119 F.3d 847, 849 (10th Cir. 1997)). Good cause appearing, the Court will grant the parties' motion and confirm the arbitration award.

The Court will also grant plaintiff's motion to restrict for the same reasons set out in the Court's June 1, 2017 order granting plaintiff's request to proceed under a pseudonym. *See* Docket No. 51.

For the foregoing reasons, it is

**ORDERED** that, for good cause shown, this case is reopened. It is further

**ORDERED** that the parties' Joint Request for an Order Confirming Arbitration Award [Docket No. 53] is **GRANTED**. It is further

**ORDERED** that plaintiff's Motion to Restrict Plaintiff's Personal Identifying Information [Docket No. 54] is **GRANTED**. It is further

**ORDERED** that Docket No. 53-1 shall be restricted at Level One. It is further

**ORDERED** that the award of Arbitrator Steven C. Briggs, executed on August 23, 2018, a redacted version of which is attached hereto as Exhibit A, is **CONFIRMED**. It is further

**ORDERED** that this case is closed.

DATED September 17, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

**EXHIBIT A**



| JUDICIAL ARBITER GROUP, INC. | JAG Case No. 17-0869A |
|---|---|

▉ ▉,

    Claimant,

v.

Uber Technologies, Inc.; Uber USA, LLC; and Raiser, LLC,

    Respondents.

## ORDER

By agreement of the Parties, it was ~~reached~~ *SCB ordered* that:

1. Parties' Joint Stipulation of Dismissal, filed on August 22, 2018, is granted; and

2. This matter is hereby dismissed, with prejudice, with each party to bear its own costs and attorney's fees.

ENTER:

*/s/ Steve C Briggs*
Steven C. Briggs, Arbitrator
Judicial Arbiter Group, Inc.

DATE: 8/23/18

# EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2018, a true and correct copy of the foregoing *Order* was served via electronic filing (File & ServeXpress), addressed to the following:

All Counsel of Record

<u>Original Signature on File</u>
Lisa Garcia, Administrative Clerk
Judicial Arbiter Group, Inc.
